### JENNIE M. KENT *vs.* HOWARD B. ALLEN.

#### MARCH 14, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Non-Suit.  Exception.*

An exception does not lie to the denial of a motion for non-suit.

*(2)  Landlord and Tenant.  Notice to Quit.*

While a tenant was holding over his term, the lessor agreed that lessee might occupy the premises until a designated date when it was expected a sale of premises would be made to lessee.—

*Held,* that lessee was a tenant for a definite term and when he failed to pay the purchase price and accept a deed, he again became a tenant holding over his term and as such was not entitled to notice to quit.

TRESPASS AND EJECTMENT. Heard on exceptions of defendant and overruled.

RATHBUN, J.  This is an action of trespass and ejectment. The trial in the Superior Court resulted in a verdict for the plaintiff for possession. The case is before us on the defendant's exception to the refusal of the trial justice to grant the defendant's motion for a non-suit, also on his exception to the action of said justice in denying defendant's motion for a new trial based on the following grounds; that the verdict is (1) against the law (2) against the evidence and weight thereof (3) against the law and the evidence and the weight thereof.

The defendant's exception to the denial of his motion for a non-suit is overruled. A motion for a non-suit at the close of the plaintiff's testimony is addressed to the discretion of the court and no exception lies to the denial of such motion as the "court is not bound to rule upon the sufficiency of the plaintiff's evidence to maintain the action before the whole testimony is closed on both sides." *Cranston Print W'ks Co.* v. *A. T. & T. Co.*, 43 R. I. at 92.

The plaintiff entered into possession of the premises in question by virtue of a written lease for the term of one year, ending April 1, 1923. By the terms of said lease a stipulated sum was payable, as rent, monthly in advance. The plaintiff did not pay the rent for the month of March, 1923, and on April 5, 1923, the parties entered into an agreement whereby the plaintiff agreed to sell and the defendant agreed to purchase the premises in question. The purchase price was fixed at $5,000. The defendant paid $50 as a "binder" and agreed to pay $4,950 and accept a deed on May 5, 1923. The defendant failed to keep his agreement to purchase and this action was commenced on May 11, 1923 to recover possession of the premises.

The defendant testified that when the agreement for sale and purchase was made the plaintiff agreed as a part of the consideration for the promise to purchase to waive the rent for the month of March and to permit the defendant to occupy the premises rent free until May 5, 1923. Defendant's counsel suggested in argument that his client, by remaining in possession under his agreement to purchase, became a tenant either at will or by sufferance, and as such was entitled to notice to quit, as provided by Section 1, Chap. 335 Gen. Laws, 1909, before ejectment proceedings could be brought against him. Whatever the understanding as to payment of rent may have been it is clear that on April 5, 1923, when the defendant was a tenant holding over his term, the plaintiff agreed that the defendant might occupy the premises until May 5, 1923, the date on which it was expected that the sale would be consummated.

Therefore, from April 5 to May 5, 1923, the defendant was not a tenant either at will or by sufferance, but was a tenant for a definite term which ended at midnight on May 5, 1923. When the defendant on said date failed to pay the purchase price and accept a deed he again was a tenant holding over his term and, as such, was not entitled to notice to quit. Section 6, of Chap. 334, Gen. Laws, 1909, provides that "the time agreed upon in a definite letting shall be the time of the termination thereof for all purposes." In construing said section this court in *Johnson* v. *Donaldson*, 17 R. I. at 108, said: "This provision has been understood as doing away with the necessity for any notice to quit, to a tenant holding over after such letting, before commencing proceedings for his ejectment."

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Gardner, Moss & Haslam,* for plaintiff.

*Charles S. Slocum,* for defendant.